IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John G. Singletary and Carla C. Singletary, ) | C.A. No.: 2:14-cv-2138-MBS-WWD |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Wells Fargo Corp, *its agents, servant* ) | |
| *employees, and successors*; Haynsworth ) | |
| Sinkler Boyd PA; Mack Mac McQuillen; ) | |
| Howell Morrison; and Len Hutchinson, *all* ) | |
| *jointly and severally*, ) | |
| ) | |
| Defendants. ) | |

Plaintiffs, proceeding pro se, filed their Complaint in the instant action on June 3, 2014. (Dkt. No. 1.) By Order dated June 26, 2014, Plaintiffs were given twenty-one (21) days, plus three (3) days for mail time, from the date of entry of the Order to bring this case into proper form, pursuant to General Order In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), by completing one summons form which listed each Defendant named in this case. (See Dkt. No. 8.)

The Order of June 26, 2014 (Dkt. No. 8), was mailed to Plaintiffs at their address of record; the mail in which the Order was sent to Plaintiffs was not returned.

In the Order of June 26, 2014, Plaintiffs were warned that their failure to provide the necessary document(s) within the timetable set forth in the Order would subject this case to dismissal. (See Dkt. No. 8 at 1 of 4.) Plaintiffs failed to respond to the order, and the time for responding has lapsed. As noted above, the mail in which the Order was sent to Plaintiffs was not returned.  Thus, the Court presumes that Plaintiffs received the Order, but have neglected to comply with it within the time permitted under the Order. Plaintiffs' lack of

response to the Order indicates an intent to discontinue prosecuting this case and subjects the case to dismissal. As Plaintiffs have failed to prosecute this case and failed to comply with a court order, the undersigned recommends that this case be **dismissed without prejudice** pursuant to Rule 41 of the Federal Rules of Civil Procedure. See <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-36 (1962).

    IT IS SO RECOMMENDED.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

August 4, 2014
Charleston, South Carolina

    **The Plaintiffs' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).