IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John G. Singletary and Carla C. Singletary, | ) ) ) | C/A No. 2:14-2138-MBS |
| Plaintiff, | ) ) | |
| vs. | ) ) | **O R D E R** |
| Wells Fargo Corp., its agents, servant employees, and successors; Haynsworth Sinkler Boyd PA; Mack Mac McQuillen; Howell Morrison; and Len Hutchinson, all jointly and severally, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

On June 3, 2014, Plaintiffs John G. Singletary and Carla C. Singletary, proceeding pro se, brought this action alleging that they had been subjected to discriminatory lending practices. Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the case was referred to United States Magistrate Judge Wallace W. Dixon for pretrial handling.

On June 26, 2014, the Magistrate Judge issued a proper form order in which he directed Plaintiffs to, within twenty-one days, complete a summons form for each Defendant. Plaintiffs were cautioned that if they failed to bring the case into proper form in the time permitted, their case could be dismissed for failure to prosecute and failure to comply with an order of the court. See Fed. R. Civ. P. 41. Plaintiffs did not respond to the proper form order. On August 4, 2014, the Magistrate Judge Issued a Report and Recommendation in which he recommended that the complaint be dismissed without prejudice pursuant to Rule 41. Plaintiffs filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  Id.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record.  The court adopts the Report and Recommendation and incorporates it herein by reference.  Plaintiff's complaint is dismissed pursuant to Rule 41, without prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 3, 2014